**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**EDWARD H. FLINT** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:15CV-439-JHM**

**JUDITH MCDONALD BURKMAN, JUDGE** **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Edward H. Flint filed a *pro se* complaint against Judge Judith McDonald Burkman of the Jefferson County, Kentucky, Circuit Court, and he paid the filing fee. Before the Court are Defendant's motion to dismiss (DN 7) and Defendant's motion for sanctions (DN 8). Plaintiff has responded to both motions (DNs 11 & 13). For the reasons that follow, Defendant's motions will be granted.

## I. SUMMARY OF ARGUMENTS

In the complaint, Plaintiff states that Defendant presided over a civil case, case number 12-CI-03106, filed by Coach House, Inc. against Plaintiff in the Jefferson Circuit Court. According to Plaintiff, counsel for Coach House, Inc. was a business associate of Defendant's before the state-court case was filed. Plaintiff contends that because of this business relationship, Defendant was biased against Plaintiff in the state-court action and she should have recused herself. Plaintiff further states that Defendant despised him because he had "sued a number of her Jefferson County fellow judges, for being corrupt and for violating the Constitutions, statutes and Court rules."

Plaintiff states that Defendant took away "Plaintiffs rights, even though she knew she were violating laws, which she had sworn to obey and uphold." He further states that Defendant was biased against him because of "her hatred of the Plaintiff." Plaintiff contends that because

of Defendant's hatred of him, she denied him a trial by jury and that because of her disgust of him, she deprived him of due process and equal protection. According to Plaintiff, Defendant "took advantage" of him because he was *pro se*, lacked a legal education, and was 82 years old. According to Plaintiff, Defendant "conspired with others to assure that the Plaintiff would not win the case . . . ." Plaintiff asserts that Defendant violated his civil rights. Plaintiff further contends that Defendant violated 18 U.S.C. § 241, 18 U.S.C. § 242,[1] 42 U.S.C. § 1985, 28 U.S.C. § 1443, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

As relief, Plaintiff seeks compensatory and punitive damages. He seeks to have Defendant "removed as a judge in Kentucky" and "all retirement benefits . . . taken away from her forever." He asks that Defendant be reported to the United States Department of Justice for possible prosecution and that she be disbarred. Plaintiff further asks this Court to "impose[] the maximum sentence on Defendant, that the law allows, for people who violate other people's civil rights, and violates the Constitution."

In her motion to dismiss, Defendant argues that since she is sued in her official capacity the claims against her are barred by sovereign immunity. Even if the Court were to construe the complaint as being brought against Defendant in her individual capacity, Defendant argues, she is entitled to judicial immunity.

In response, Plaintiff primarily restates the allegations he made in his complaint. However, Plaintiff adds some of the procedural history of the state-court action over which Defendant presided. Further, Plaintiff compares Defendant to Hitler and a Texas judge from the 1800s named Roy Bean. Plaintiff concludes his response as follows:

[1] Plaintiff alleges a violation of 28 U.S.C. § 242. As this statute does not exist, the Court presumes that Plaintiff intended to allege a violation of 18 U.S.C. § 242, and construes this claim accordingly.

> We as a state have completed the circle, from the corrupt justice of Judge Roy Bean, back to the corrupt justice of Judge Roy Bean, because some judges in Kentucky have become vindictive and have taken the law into their hands to do with, as they see fit.
>
> According to the Constitution a person is entitled to file a complaint and have due process of law if they have been injured in any way, including receiving equal protection of the laws, which Plaintiff was not given by the Defendant. Dismissing this complaint would take away Flint's equal protection and deprive him of his rights and liberty and property.
>
> Plaintiff has spent over seven (7) years fighting corruption in America's justice system and has nothing to gain if he wins every case, except to leave America and hopefully the world a better place for our children, forever. Plaintiff has asked for nothing from day one, but the opportunity to try each case before a jury.

## II. ANALYSIS

In deciding a motion brought under Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff, accepting all of Plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court must determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" and not merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility arises when the complaint's factual content allows a reasonable inference of Defendant's liability. *Aschcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 556). Here, it is apparent from the face of the complaint that Defendant is entitled to dismissal.

In the complaint, Plaintiff fails to state whether he is suing Defendant in her individual or official capacity or both. However, the complaint fails to state a claim regardless of the capacity in which Defendant is being sued.

Suit against Defendant in her official capacity is barred by sovereign immunity. Under the Eleventh Amendment to the U.S. Constitution,[2] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-20 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment similarly bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees

[2]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

in their official capacities for damages barred by Eleventh Amendment immunity). Thus, the official-capacity claim seeking monetary relief against Defendant, who is an employee of the Commonwealth of Kentucky, is barred by Eleventh Amendment immunity.

Further, Defendant sued in her official capacity for monetary damages is not considered a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Thomas v. Noder-Love*, No. 13-2495, 2015 WL 4385284, at *5 (6th Cir. July 17, 2015) ("It is also well-settled that [Eleventh Amendment] . . . immunity applies to claims under § 1983, meaning that states and state officials sued in their official capacity are not considered 'persons' under § 1983 and, therefore, cannot be sued for money damages without the state's consent.").

Plaintiff not only seeks monetary relief, but he also seeks various forms of injunctive relief. Plaintiff requests the following injunctive relief: (1) that Defendant be "removed as a judge in Kentucky" and "all retirement benefits . . . taken away from her forever"; (2) that Defendant be reported to the United States Department of Justice for possible prosecution; (3) that Defendant be disbarred; and (4) that this Court "impose[] the maximum sentence on Defendant, that the law allows."

As to the request for this Court to impose the maximum sentence on Defendant, this action is a civil action in which incarceration is not a form of relief. Regarding Plaintiff's request for this Court to disbar Defendant, this Court has no jurisdiction to disbar Defendant. *See Theard v. United States*, 354 U.S. 278, 281 (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, . . . lawyers are included."); *In re Baumgartner*, 123 F. App'x 200, 203

(6th Cir. 2005) (recognizing that the state has jurisdiction to disbar an attorney and that the state's power of disbarment cannot be upset by federal review).

As for removing Defendant from her judicial position, this Court has no jurisdiction to take such an action. The power to do so lies with Kentucky's Judicial Conduct Commission and the Supreme Court of Kentucky. *See Gormley v. Judicial Conduct Comm'n*, 332 S.W.3d 717, 725 (Ky. 2011) ) ("Section 121 of the Kentucky Constitution authorizes the [Judicial Conduct Commission] to . . . remove, a judge or justice for good cause, with judicial review directly to the [Kentucky] Supreme Court."). Finally, concerning referral of Defendant to the United States Department of Justice for prosecution, Plaintiff does not need the Court to make such a referral for him. Further, the Court does not have the power to direct that criminal charges be filed against anyone. *See Bond v. Thornburgh*, No. 89-6077, 1989 WL 149981, at *1 (6th Cir. Dec. 12, 1989) ("United States attorneys cannot be ordered to prosecute, because the decision is within their discretion."); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972) (finding that the "plaintiff's complaint fails to state a claim upon which relief can be granted in that none of the United States Attorneys can be compelled to investigate or prosecute alleged criminal activity").

Suit against Defendant in her individual capacity must also be dismissed because it is barred by judicial immunity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[I]mmunity is overcome in only two sets of circumstances." *Id.*

"First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judges's judicial capacity." *Id.* "Whether an action is judicial depends on the nature and

function of the act, not the act itself." *Ireland v. Tunis*, 113 F.3d 1435, 1440-41 (6th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. at 13) (internal quotation marks omitted). Two factors are used to perform this functional analysis. *Id*. at 1441. Courts must first determine whether the act "'is a function normally performed by a judge.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Second, "courts must assess whether the parties dealt with the judge in his or her judicial capacity." *Id.*

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 12. A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 113 F.3d at 1441. Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 355.

In the present case, the alleged wrongful acts about which Plaintiff complains involve rulings and decisions Defendant made in her capacity as a Jefferson Circuit Court Judge during the course of presiding over a civil action in which Plaintiff was named as a defendant. Presiding over proceedings and making decisions therein are functions normally performed by a judge, and Plaintiff dealt with Defendant in her capacity as a circuit court judge. Therefore, the alleged wrongful acts performed by Defendant were judicial in nature. Further, because circuit courts (KRS §§ 23A.010 *et seq.*) have subject-matter jurisdiction over civil matters, Plaintiff has not shown that Defendant acted "in clear absence of all jurisdiction." As such, Defendant is absolutely immune from this action if brought against her in her individual capacity.

In addition, 18 U.S.C. §§ 241 and 242 are criminal statutes that do not create a private right of action. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234,

235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). Plaintiff's conspiracy claim under 28 U.S.C. § 1443 must be dismissed because § 1443 is a federal removal statute, not a cause of action under which to bring a claim. As to Plaintiff's claims arising under Title 42 of the United States Code, his § 1981 claim fails because he does not allege racial discrimination, *see, e.g.*, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987), and his § 1985 claim fails because he has not alleged that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

Having failed to allege a claim for relief plausible on the face of the complaint, by separate Order, Defendant's motion to dismiss (DN 7) will be granted and this action dismissed.

## III. SANCTIONS

Defendant has also filed a motion for sanctions (DN 8) to which Plaintiff has responded (DN 13). She requests that the Court fine Plaintiff, order that he pay the attorneys' fees expended in defending this action, and enter a permanent injunction enjoining Plaintiff from filing "frivolous and burdensome lawsuits targeting state and federal court judges." In response, Plaintiff asserts that the "past complaints have nothing to do with this case" and that "past courts violated the Constitution against Plaintiff." Plaintiff explains that in 2007 the Holy Spirit told him that "God wanted the Devil out of the Justice System and wanted the Plaintiff to file a number of lawsuits, to get him out." Plaintiff includes various passages from the Bible to show the importance of justice to God. Plaintiff also compares the "Kentucky Justice System" to "Nazism" and concludes that "[s]ome judges in Kentucky are doing the same thing the Nazi did

to assume power and the courts are helping them, by ignoring the judge's actions." Plaintiff requests the Court to deny Defendant's motion for sanctions and allow this case to proceed.

By Memorandum Opinion and Order entered June 21, 2011 (DN 6), in one of Plaintiff's earlier filed actions, *Flint v. Whalin*, Civil Action No. 3:11CV-316-JGH, the Honorable late Senior Judge John G. Heyburn II documented Plaintiff's lengthy history of filing frivolous and unsubstantial litigation against state and federal judges in this Court and noted that the "submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases." Consequently, Judge Heyburn issued the following warning to Plaintiff:

> **Flint is WARNED that he will be sanctioned in the amount of $700.00 per suit should he file any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases. Additionally, filing any additional such lawsuits could result in the imposition of additional sanctions, including the imposition of filing restrictions.**

*Id.*

Plaintiff was not deterred by this warning, however, as he filed a subsequent lawsuit against a state court judge. *See Flint v. McDonald*, Civil Action No. 3:12CV-613-CRS. By Memorandum Opinion and Orders entered January 18, 2013 (DNs 10 & 11), the Honorable Senior Judge Charles R. Simpson III concluded that Plaintiff's suit plainly fell within the terms of Judge Heyburn's warning as it was a lawsuit against a state judge on the grounds that the state judge was biased against him, made incorrect rulings, and improperly oversaw a hearing in the case. Finding that the filing of the subsequent action constituted bad faith, Judge Simpson imposed a $700 sanction, double the cost of the filing fee at that time, and issued the following

warning to Plaintiff to ensure that he was aware that any future frivolous lawsuits could result in even more severe sanctions:

> the plaintiff, Edward H. Flint, is **WARNED** that if he files any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases, **he will face further sanctions, which could include, but are not limited to, monetary sanctions of more than $700 or the imposition of filing restrictions[.]**

(DN 11).

Still not being deterred by Judge Heyburn's warning and the sanctions imposed by Judge Simpson, Plaintiff filed another action against a federal judge. *See Flint v. McKinley*, Civil Action No. 4:15CV-130-GNS. In that recent case, the Court found that Plaintiff acted in bad faith in bringing the action against a federal judge despite two earlier warnings by the Court. In that action, the Honorable Judge Greg N. Stivers imposed a sanction against Plaintiff of $800, an amount double the current cost of the filing fee for a civil action.

In the present case, Plaintiff has filed yet another action against a state court judge. Accordingly, due to Plaintiff's lengthy history of filing frivolous and burdensome lawsuits targeting state and federal court judges which has not been deterred, the Defendant's motion for sanctions (DN 8) will be granted.

This Court agrees with the reasoning of Judge Stivers in *Flint v. McKinley*, Civil Action No. 4:15CV-130-GNS, and will impose a sanction against Plaintiff in the amount of $800 in the present action. Further, a review of this Court's records reveals that Plaintiff has failed to pay the $700 sanction previously imposed by Judge Simpson and the $800 sanction previously imposed by Judge Stivers. Plaintiff, therefore, remains obligated to pay the prior $1,500 in sanctions.

"To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom . . . sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court." *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir. 1985) (per curiam); *see also Hyland v Stevens*, 37 F. App'x 770, 771-72 (6th Cir. 2002) ("[Plaintiff] is hereby barred from filing any new civil matter or appeal therefrom in this court or any court subject to this court's jurisdiction until he has paid the sanction imposed in [a previous case]."); *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993) ("Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. This power also extends to a litigant's failure to pay previously imposed sanctions."). Accordingly, in line with Judge Stivers' opinion in *Flint v. McKinley*, Civil Action No. 4:15CV-130-GNS, this Court will also impose the following requirement on Plaintiff:

> **Flint is barred from filing any new action in this Court until he has paid the $800 sanction imposed in this case; the $800 sanction previously imposed in *Flint v. McKinley*, Civil Action No. 4:15CV-130-GNS; the $700 sanction previously imposed in *Flint v. McDonald*, Civil Action No. 3:12CV-613-CRS; and any other sanctions imposed by the Court. The Clerk of Court shall not accept for filing any future lawsuits by Plaintiff until he pays all sanctions imposed on him.**

Finally, review of the Court's records reveals that since April 20, 2015, Plaintiff has filed nine cases in this Court, several of them against judges. Due to Plaintiff's continued pattern of abusive and vexatious lawsuits filed in this Court and Plaintiff having been warned that further sanctions could be imposed for such conduct, this Court agrees with the prefiling restrictions placed upon Plaintiff by Judge Stivers and restates them here. This Court will also place the following prefiling restriction upon Plaintiff to begin following Plaintiff's full payment of all sanctions imposed by this Court:

> **Edward H. Flint shall file a motion seeking permission from the Court before filing any new action in this Court. Flint's motion shall demonstrate that the claim or claims he intends to assert are not frivolous and that the suit is not brought for an improper purpose. He must attach his proposed complaint to the motion.**

*See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (permanently enjoining plaintiff from filing action based on particular legal and factual claims "without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: November 9, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendant
4414.003